the place where he had disposed of the goods, and all but one tire was recovered.

Bill of exception No. 1 complains of the action of the trial court in permitting C. D. Thomas to testify as to the value of the stolen property, because the witness had not qualified himself sufficiently to express an opinion on the subject. That it was shown that the property stolen had been used, was secondhand, and that such property had a market value in the town of Nacogdoches.

 The bill is insufficient, in that it fails to show that it was all and the only predicate laid for the introduction of the testimony as to the market value of secondhand goods. However, when the question of value becomes an issue, the cash market value, if any, is to be proved.

Appellant urged a great number of objections to the court's charge. His main objection appears to be directed against the court's failure to correctly instruct the jury as to the market value of the property stolen in the condition in which it was at the time and place taken. If it had no cash market value, then the replacement value would govern. See Baden v. State, Tex.Cr.R., 74 S.W. 769. In the absence of such an instruction, the jury was at liberty to seize upon any value without reference to the cash market value in Nacogdoches, and without reference to it being secondhand goods. It seems obvious from the court's instruction that the value of the property was not definitely and unequivocally proved to the satisfaction of the court, because he instructed the jury on both felony and misdemeanor theft. Consequently, it was necessary for the court to give the jury a proper guide by which to determine the value of the property stolen, and a failure to do so was error.

Appellant also complains of the court's charge because he failed to instruct the jury that if the articles were taken at different times, and those taken at any one time were not of the value of $50 or over, they could not find him guilty of a felony, but only of a misdemeanor, and assess his punishment within the limits of the law prescribed for misdemeanor theft.

We are of the opinion that there was no testimony which justified or required such an instruction. The testimony shows that the property was all taken during the same night, carried to Houston, and immediately disposed of. Hence, the presumption obtains that it was all taken at the same time; that it was one continuous act. See White v. State, 33 Tex.Cr. R. 94, 25 S.W. 290.

For the error hereinabove pointed out, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On State's Motion for Rehearing.

CHRISTIAN, Judge.

After re-examining the record in the light of the State's motion for rehearing, we are of opinion that the proper disposition of the case was made upon the original hearing.

The State's motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## TEAL v. STATE.

### No. 19501.

Court of Criminal Appeals of Texas.

Feb. 23, 1938.

Rehearing Denied April 20, 1938.

Wm. E. Davenport, of San Angelo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Conviction for violating the local option law; punishment, a fine of $250.

The record is here without a statement of facts or bills of exception. All matters of procedure appear regular.

The judgment is affirmed.

## TEAL v. STATE.

No. 19502.

Court of Criminal Appeals of Texas.

Feb. 23, 1938.

Rehearing Denied April 20, 1938.

Wm. E. Davenport, of San Angelo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for selling whisky without obtaining a permit from the Texas Liquor Control Board; punishment assessed at a fine of $100.

No statement of facts or bills of exception are found in the record. Nothing is presented for review.

The judgment is affirmed.

## PAIN v. STATE.

No. 19382.

Court of Criminal Appeals of Texas.

Feb. 23, 1938.

Rehearing Denied April 20, 1938.

Russell & Edwards, of Nacogdoches, for appellant.